IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROBBIE HILL; GWENNA HILL;
JOSEPH SMITH; CATHERINE SMITH;
KATHY L. HAMILTON; JERRY VAN WORMER;
RANDY PALMER; JOYCE PALMER; LARRY KING;
MARGARET KING; ADAM KOFOID;
BRADLEY HOPPER; CRYSTAL HOPPER;
COREY WARDEN; and JULIE WARDEN        PLAINTIFFS

v.                     No. 4:12-cv-500-DPM

SOUTHWESTERN ENERGY COMPANY;
CHESAPEAKE ENERGY;
and XTO ENERGY                          DEFENDANTS

ORDER

Unopposed motion for joinder, № 77, granted. The Court agrees, applying Federal Rule of Civil Procedure 19, that SEECO must be joined as a defendant. Whether the case should remain here, though, is unclear.

The Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367. The RICO claim was marginal; and it's gone from the case. The trend in the precedent is for the trial court not to exercise jurisdiction in these circumstances, especially given that this case is still in early days and the state-law issues are unsettled. *E.g., Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 749 (8th Cir. 2009).

The Court agrees with Southwestern that the basics for CAFA jurisdiction exist: minimal diversity and amount in controversy. 28 U.S.C. § 1332(d)(2). The Court is concerned—and as yet uninformed by pleading, briefing, or proof—about whether the Court must decline to exercise jurisdiction under 28 U.S.C. § 1332(d)(4)(A) or § 1332(d)(4)(B) or should decline under § 1332(d)(3). The parties should come prepared to address jurisdiction first at the 19 December 2013 status conference.

So Ordered.

*DPMarshall Jr.*

D.P. Marshall Jr.
United States District Judge

<u>10 December 2013</u>