IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ROBBIE AND GWENNA HILL;
JOSEPH AND CATHERINE SMITH;
KATHY L. HAMILTON;
JERRY VAN WORMER;
RANDY AND JOYCE PALMER;
LARRY AND MARGARET KING;
ADAM KOFOID; BRADLY AND
CRYSTAL HOPPER; and
COREY AND JULIE WARDEN                                          PLAINTIFFS

v.                        CASE NO. 4:12-CV-00500 DPM

SOUTHWESTERN ENERGY COMPANY,
CHESAPEAKE ENERGY, and
XTO ENERGY INC.                                                 DEFENDANTS

## PROTECTIVE ORDER

The Court holds that the following procedures and provisions shall apply to discovery in this civil action (the "Action") in order to protect information of a sensitive, confidential, proprietary, or legally protected nature, and the privacy rights of the parties or certain non-parties. The entry of this Protective Order is not, and should not be construed as, a waiver by any party or non-party of any privilege or objection to any particular discovery request.

**I.     DEFINITIONS**

A.     "Party" means any current plaintiff or defendant in this Action, and any plaintiff, defendant, or other party that may be joined in this Action.

B.  "Non-Party" means any person or entity not a Party who produces documents or other information or provides testimony in response to a subpoena or other process in this Action.

C.  "Material" is defined as documents, electronically stored information, records, tangible materials, testimony, responses to discovery, and other information produced by a Party or Non-Party in discovery in this Action.

D.  "Confidential Material" is defined as Material that any Party or Non-Party considers in good faith to be confidential information relating to:  trade secrets, research, development, strategic planning, financial, commercial, confidential, sensitive or proprietary business, or personal information which, if disclosed, might adversely affect the competitive position or business operations of the Party or Non-Party producing the materials, or invade the privacy rights of any person.  Each Party or Non-Party that designates information or items for protection under this Protective Order must take care to limit any designation to specific material that qualifies under the appropriate standards.

E.  The "Designator" is any Party or Non-Party who produces Material in this Action and designates any such Material as "CONFIDENTIAL" in conformity with Section II.

## II. DESIGNATION OF MATERIALS AS "CONFIDENTIAL"

A.  Any Party or Non-Party who produces Material in the course of discovery in this Action may designate such Material as Confidential Material if that Party or Non-Party believes in good faith that the Material satisfies the definition of Confidential Material, as set forth in Paragraph I.D.

B.  The Designator shall mark the word "CONFIDENTIAL" on the face of each document and each page so designated at the time it is produced or served, or, in the case of

Confidential Material contained in or on media other than paper, by affixing such a label to the information or by using its best efforts to identify the information as Confidential Material.

C.      In the event that a Party or Non-Party desires to designate specific answers or responses to interrogatories or requests for admission as Confidential Material, the Party or Non-Party shall insert the word "CONFIDENTIAL" in brackets at the beginning of the specific answer or response.

D.      In the case of depositions, designation of the portion of the transcript (including exhibits) which contains Confidential Material shall be made within fifteen business days after receipt of the transcript by stamping "CONFIDENTIAL" on the pages that contain Confidential Material and notifying all Parties and the deponent in writing of the page and line numbers which have been designated as Confidential Material. In the absence of an agreement on the record or in writing, or an order of the Court to the contrary, all deposition testimony shall be deemed Confidential Material until the expiration of the fifteen-business-days period.

E.      For purposes of this Action, no Party concedes that any Material designated by any other Designator as Confidential Material should be treated as Confidential Material. A Party shall not be obligated to challenge the propriety of the designation of Material as "CONFIDENTIAL" at the time made, and the failure to do so shall not preclude a later challenge in this or any other action. If a Party challenges a designation, it shall give written notice to the Designator, and the Party and the Designator shall attempt to resolve any challenge in good faith on an informal basis ("meet and confer"). If the challenge cannot be informally resolved, the Party challenging the designation may seek appropriate relief from the Court through a Joint Report pursuant to the Scheduling Order; however, the burden of proof shall be on the

Designator. The Material shall continue to be treated as Confidential Material until the issue relating to the propriety of the designation has been resolved.

F. Any Designator may, at any time, withdraw the "CONFIDENTIAL" designation of any Material produced by that Designator.

G. The inadvertent failure to designate or withhold any Material as confidential will not be deemed to waive a later claim as to its confidential nature, or to preclude the producing Party or Non-Party from designating the Material as confidential at a later date in writing and with particularity. The Material shall be treated by the receiving Party as Confidential Material from the time the receiving Party is notified in writing of the change in the designation.

### III. USE AND HANDLING OF CONFIDENTIAL MATERIAL

A. Confidential Material shall be used only for purposes of preparing for and litigating this Action (including appeals) and not for any other action or other purpose.

B. Access to Confidential Material shall be closely controlled and limited to individuals who have a demonstrable and bona fide need to review it. Confidential Material shall not be revealed or disclosed, directly or indirectly, in any manner or in any form, to any person, entity, or judicial tribunal other than:

> 1. Counsel of record and any other counsel for the Parties in this Action, including counsel for insurers for the claims involved in this Action, members of their firms and associates, associate attorneys, contract lawyers, paralegals, clerical and other employees or agents of such counsel who are assisting in the conduct or management of this Action, insurers and reinsurers of any Party who have a need with respect to this specific Action to review this information;
>
> 2. In-house counsel of any Party, and paralegal, clerical, and other employees assisting in-house counsel;
>
> 3. Party deponents and litigation control group personnel for this Action;

4. The United States District Court, the Court of Appeals, the Supreme Court of the United States, court personnel, court reporters, and any jury empanelled in this Action;

5. Third party deponents and trial witnesses in this Action and their counsel to the extent necessary for purposes of this Action;

6. Consultants, experts, and outside litigation support personnel retained by any Party to this Action to assist the Party in the preparation or litigation of this Action;

7. Any mediator retained by the Parties or appointed by the Court, and employees of such mediator who are assisting in the conduct of the mediation;

8. The person or entity that wrote or received the document or gave the testimony designated as "CONFIDENTIAL"; and

9. Others, if the Designator so agrees in writing or, for good cause shown, the Court so permits.

C. Before any person described in Paragraphs III.B.5, III.B.6, and III.B.9 is given access to Confidential Material, the person shall review this Protective Order and agree in writing (by signing the Acknowledgement attached as Exhibit A) to be bound by this Protective Order. A copy of the Acknowledgement, together with a list of Confidential Material disclosed to the person and the date of disclosure, shall be retained by counsel disclosing Confidential Material until the conclusion of this litigation, including all appeals.

D. If Confidential Material is to be disclosed during a deposition or trial, the agreement to be bound and consent to jurisdiction may be made on the record and under oath, rather than in writing. No person to whom Confidential Material is disclosed may disclose Confidential Material to any person other than those persons described in Paragraph III.B., above.

E.  All persons who have access to Confidential Material at any time shall take all precautions necessary to prohibit access to the Confidential Material other than as provided for herein.

F.  Any summaries or copies of Confidential Material shall bear the appropriate legend set forth in Paragraph II.B., above, and shall be subject to the terms of this Protective Order to the same extent as the information or document from which such summary or copy is made.

G.  No Party or Non-Party shall file with the Court in this Action documents, quotations from documents, or summaries or tabulations of documents, which have been designated as Confidential Material without first obtaining leave of Court to file the Confidential Material under seal, or written agreement of the Designator. Written agreement of the Designator(s) may be given to the receiving Party to file a document containing Confidential Material not under seal, in a redacted form, if the Designator(s) identifies in writing the Confidential Material to be redacted, and the receiving Party redacts all such Confidential Material prior to filing the document. The Parties acknowledge that this Protective Order creates no entitlement to file Confidential Material under seal. If any Party wishes to file Material under seal with the Court that incorporates or discloses Confidential Material, the Party must obtain prior leave of Court. After receiving Court approval, the Party shall file the submission under seal.

H.  Upon termination of this Action, whether by judgment, order, agreement, or otherwise, each Party, counsel, and other persons having possession of Confidential Material shall destroy all Confidential Material obtained from another Party or Non-Party and shall, upon request, provide written certification, under oath, of such destruction to the Designator including

all copies provided by the Party or Non-Party to any person described in Paragraphs III.B.5, III.B.6, and III.B.9. This requirement shall not apply to Confidential Materials necessarily included within pleadings or records of proceedings.

## IV. GENERAL PROVISIONS

A. Nothing contained in this Protective Order shall restrict or limit any Party's right to present Confidential Material to a jury or a court during a trial or other hearing in this Action, and the Parties and Non-Parties shall take reasonable steps to maintain the confidentiality of information at a hearing or at trial in the manner as the Court may direct. The use of Confidential Material at trial shall be governed by the pretrial order.

B. If any Party or Non-Party receives discovery, a subpoena, or Order demanding the production of any Material designated in this Action as "CONFIDENTIAL," the Party or Non-Party receiving the subpoena or Order shall, within five business days of the receipt of the request and not less than ten business days before the production of any Confidential Material, notify the Designator of the subpoena or Order in writing. The receiving Party or Non-Party shall also, within five business days of the receipt of the request, notify the party issuing the discovery, subpoena, or Order of the existence of this Order covering Confidential Material. The Party or Non-Party receiving a request to produce Confidential Material is not relieved of its obligations to comply with lawful subpoenas or other Order, and any efforts by the designating party to oppose production must occur within the time limitations imposed for complying with the subpoena or Order.

C. This Protective Order shall not apply to information or tangible items obtained by means independent of production by a Party or Non-Party through discovery or other proceedings in this Action or in some other lawful manner. The restrictions set forth in this

Protective Order shall not apply to any Material which, at the time of production, is within the public domain, or which the Designator later releases into the public arena.

D.   Neither this Protective Order, production or disclosure of Material under this Protective Order, nor designation or failure to designate Material under this Protective Order, shall constitute a waiver of the right of the Designator to maintain the trade secret status or confidentiality of that Material in other contexts.

E.   This Protective Order may be modified or amended by agreement of the Parties with the approval of the Court.  To the extent that the Parties fail to agree on a modification proposed by any Party or Non-Party, nothing contained herein shall be deemed to preclude any Party or Non-Party from seeking relief from the Court by Joint Report, for good cause shown, for a ruling that modifies this Protective Order in any respect.

F.   This Protective Order shall not be construed as waiving any right to assert a claim of privilege or objection as to relevance, admissibility, or other grounds for not producing Material.

G.   This Protective Order shall remain in effect and continue to be binding for one year after the conclusion of this Action, and this Court shall retain jurisdiction to enforce this Protective Order during that period.

H.   This Protective Order shall operate retroactively to the inception of this Action. Any Material produced before the signing of this Protective Order shall be treated as Confidential upon designation as set forth above.

V.   **INADVERTENT DISCLOSURE OF PROTECTED OR PRIVILEGED INFORMATION**

A.   The inadvertent disclosure of Material covered by the attorney-client privilege or work-product protection shall be governed by Federal Rule of Evidence 502 and this Protective

Order.

      B.     If, in connection with the pending litigation, a Party or Non-Party (the "Disclosing Party') inadvertently discloses information subject to a claim of attorney-client privilege or work-product protection ("Inadvertently Disclosed Information"), the disclosure of the Inadvertently Disclosed Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Inadvertently Disclosed Information and its subject matter.

      C.     If a claim of inadvertent disclosure is made by a Disclosing Party with respect to Inadvertently Disclosed Information, the Parties shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information and provide a certification of counsel that all Inadvertently Disclosed Information has been returned or destroyed.

      D.     Within thirty days of the notification that Inadvertently Disclosed Information has been returned or destroyed, or within a different time upon written agreement of the Parties or Order of the Court, the Disclosing Party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

      E.     The Parties agree that pursuant to Rule 502(d): (1) a statement by a Disclosing Party that production of Inadvertently Disclosed Information was inadvertent shall be dispositive; (2) the Parties have taken reasonable steps to prevent disclosure of privileged material; and (3) a Disclosing Party shall be deemed to have taken prompt and reasonable steps to rectify the Inadvertently Disclosed Information if it notifies the receiving Party within fourteen business days of it learning of the inadvertent production.

      F.     Nothing in this Protective Order shall limit the right of any Party to file a Joint

Report seeking an order compelling production of Inadvertently Disclosed Information, or an in-camera review of the Inadvertently Disclosed Information.

## VI. LIMITS OF THIS PROTECTIVE ORDER

Nothing contained in this Protective Order, and no action taken pursuant to it, shall prejudice the right of any Party or Non-Party to contest the alleged relevancy, admissibility, or discoverability of the Material sought. Nor shall this Protective Order prevent any Party or Non-Party from objecting to discovery that it believes to be otherwise improper.

SO ORDERED.

_____
United States District Court Judge

_12 February 2014_
Date

## Exhibit A

### ACKNOWLEDGEMENT OF PROTECTIVE ORDER
### AND AGREEMENT TO BE BOUND

I hereby acknowledge that I, _____, am about to receive information that is being supplied by one or more of the parties in the case of *Hill, et al. v. Southwestern Energy Company, et al.*, pending in the United States District Court for the Eastern District of Arkansas, Northern Division. I understand that the information is or may be subject to the terms of a Protective Order entered by the Court in said case. I hereby certify my understanding that such information is being provided to me pursuant to the terms and restrictions of the Protective Order. I have been given a copy of the Protective Order, have read it, and agree to be bound by its terms. I understand that information and any documentary material covered by the Protective Order (which includes any notes or other record that I make of this material) shall not be disclosed to others, except those listed in paragraph III.B. of the Protective Order and under the terms set forth therein. I understand that upon termination of this Action or termination of my services in this Action, whichever is sooner, I have an absolute duty to destroy all Confidential Material (as defined in the Protective Order) and shall, upon request, provide written certification, under oath, of this destruction.

Signature: _____

Print Name: _____

Date: _____