IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROBBIE HILL; GWENNA HILL;
JOSEPH SMITH; CATHERINE SMITH;
KATHY L. HAMILTON; JERRY VAN WORMER;
RANDY PALMER; JOYCE PALMER; LARRY KING;
MARGARET KING; ADAM KOFOID;
BRADLEY HOPPER; CRYSTAL HOPPER;
COREY WARDEN; and JULIE WARDEN                                    PLAINTIFFS

v.                         No. 4:12-cv-500-DPM

SOUTHWESTERN ENERGY COMPANY;
CHESAPEAKE ENERGY;
XTO ENERGY; and SEECO INC.                                          DEFENDANTS

ORDER

Motion to dismiss, № 95, granted in part and denied in part. Motion to strike, № 97, denied. First, Plaintiffs' new claim—intentional and reckless conduct—was not an amendment authorized by the Court at the recent status conference. We discussed all proposed amendments with specifics. This claim was not among them. Second, the claim appears to be based on ARK. CODE. ANN. § 15-73-207, a statutory obligation to operate the well reasonably and prudently. This is akin to the duty implied in all contracts to do the things one promised fairly and in good faith. No stand-alone claim exists. *Arkansas Research Med. Testing, LLC v. Osborne*, 2011 Ark. 158, *6 (2011). Third,

the proposed claim covers ground already covered by the trespass claim. But fourth, Plaintiffs seek punitive damages, and to get them they must prove intentional conduct, or conduct with such reckless disregard of consequences that malice may be inferred. The allegations in paragraphs 171–178 may stand in service of the potential exemplary damages. Those allegations, though, are not acceptable as a belated new claim. About eighteen months in, we've finally got this lawsuit focused. It needs to stay focused.

So Ordered.

*D.P. Marshall Jr.*
United States District Judge

14 February 2014