IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DALE STROUD and
KARI STROUD                                                              PLAINTIFFS

v.                              No. 4:12-cv-500-DPM

SOUTHWESTERN ENERGY
COMPANY and SEECO, INC.                                                  DEFENDANTS

ORDER

*First*, the Court regrets that it was unable to decide the motion for relief late last week when it ripened. The Court was in hearings in criminal cases.

*Second*, the Court thought that the current Scheduling Order, № 226 — including the 20 April deadline — was agreed. *E.g.*, № 227 *at 179*. It seemed common ground that, after most of the phase II fact discovery had been done, the Strouds would provide a crisp damage calculation, clean-up discovery would occur, and the experts could then opine on a fixed factual record.

*Third*, we may have been captured by a label. The Scheduling Order speaks of an election of remedy. The Court thought, though, that what defendants sought (understandably), what the plaintiffs agreed to provide (in candor), and what the Court ordered (in fairness), was some specificity on what damages were sought and why. This isn't the

paradigm case of a plaintiff choosing between inconsistent remedies, such as specific performance versus damages for a breach of contract.

*Fourth*, as best the Court can tell, this case is once again hobbled by a discovery problem—in particular, the delayed production of the financial records about the Griffin Mountain complex, which contain embedded information about revenue/benefits received from the Campbell Well. The Strouds say they need that information to calculate alleged damages. Whether the proper measure is the benefit received by the companies, or what the Strouds didn't get, or some variation of these measures is the deep issue, of course. But the Strouds are entitled to pursue their benefit theory with fall backs in the alternative. There doesn't seem to be any contention of actual damages to the subsurface, which narrows things a bit.

*Fifth*, in the circumstances, the Strouds' tentative election is fine. The companies should continue the rolling production of financial information and complete it by 4 May 2018. If that's impossible, let the Court know. The Strouds are entitled to revise their damage calculation when they have complete information in hand. The Court will wrestle with the claims/measure of damages issues, assisted by what it knows will be good briefs from the parties, in late summer.

\*    \*    \*

Motion for relief, № 237, denied without prejudice as moot and with the caveats specified in this Order.

So Ordered.

*signature*
D.P. Marshall Jr.
United States District Judge

26 April 2018